IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Martin Meissner, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 13-2617-RDR |
| BF Labs Inc. | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is presently before the court upon (1) defendant's motion to vacate clerk's entry of default and for leave to file responsive pleading; and (2) plaintiff's motion for default judgment. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

Plaintiff filed his complaint on December 2, 2013. Summons was served upon the defendant on December 5, 2013. On December 30, 2013, plaintiff applied for a clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). This application was granted by the clerk on January 3, 2013. The defendant filed its motion to vacate on January 6, 2013. Plaintiff filed his motion for default judgment on January 13, 2013.

II.

The decision to set aside an entry of default lies within

the discretion of the trial court. Ashby v. McKenna, 331 F.3d 1148, 1152 (10th Cir. 2003). The court may set aside an entry of default for good cause. Fed.R.Civ.P. 55(c). This good cause standard is a less demanding standard than the excusable neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b). Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n. 6 (10th Cir. 1997). The good cause standard is fairly liberal because "the preferred disposition of any case is upon its merits and not by default judgment." Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970).

To determine whether to vacate the clerk's entry of default, the court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether plaintiff will be prejudiced by setting aside the entry of default; and (3) whether defendant has a meritorious defense. Gilmore v. Carlson, 72 Fed.Appx. 798, 801 (10th Cir. 2003). "A court need not consider all of the factors, and may consider other factors as well." Guttman v. Silverberg, 167 Fed.Appx. 1, 4 (10th Cir. 2005).

### III.

In considering the first factor, the court notes that a defendant's conduct is considered culpable if it has defaulted willfully or has no excuse for the default. United States v.

2

<u>Timbers Preserve, Routt County, Colo.</u>, 999 F.2d 452, 454 (10th Cir. 1993). The court does not find that the defendant's delay in appearing in this case resulted from culpable conduct. The defendant has explained that the delay resulted from an unintentional issue with the address used by its appointed registered agent. The defendant was under the mistaken impression that it had not been served with process. The defendant has indicated that it filed the motion to vacate only one business day after learning of the entry of default, and only three days after the entry of default. The quick response to remedy its mistake does not evidence a desire to delay litigation, but rather, provides further support for defendant's contention that its failure to respond was an oversight. The court, therefore, concludes that defendant's failure to defend against this action was not willful under the liberal standards of Rule 55(c).

Next, the court finds no prejudice to plaintiff in setting aside an entry of default this early in the case. Little time has passed since the filing of this litigation. This slight delay will not prejudice plaintiff's ability to prosecute the case.

Finally, the court must consider whether defendant has presented a meritorious defense to the claims of plaintiff. "The

3

burden to show a meritorious defense is light. The party moving to set aside default must make 'a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious.'" Super Film of Am., Inc. v. UCB Films, Inc., 2004 WL 2413497 at *2 (D.Kan. Sept. 24, 2004)(quoting In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978)). The court believes that the defendant's representations are adequate to meet its burden.

Accordingly, the court shall vacate the clerk's entry of default. The court shall also grant defendant leave to file a responsive pleading. In light of these rulings, the court shall deny plaintiff's motion for default judgment. The court shall allow the defendant ten (10) days from the date of this order to file a responsive pleading.

IT IS THEREFORE ORDERED that defendant's motion to vacate clerk's entry of default and for leave to file responsive pleading (Doc. # 7) be hereby granted. The clerk's entry of default issued on January 3, 2014 is hereby vacated. The court shall allow defendant ten (10) days from the date of this order to file a responsive pleading.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment (Doc. # 9) be hereby denied.

**IT IS SO ORDERED.**

Dated this 14th day of February, 2014, at Topeka, Kansas.

                                          s/ Richard D. Rogers  
                                          Richard D. Rogers  
                                          United States District Judge