**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

MARTIN MEISSNER,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )       **Case No. 13-2617-RDR**
                                    )
                                    )
                                    )
BF LABS INC.                        )
                                    )
            Defendant.              )

<u>**MEMORANDUM AND ORDER**</u>

This matter is presently before the court upon defendant's
motion to dismiss.  Having carefully reviewed the arguments of
the parties, the court is now prepared to rule.

I.

In his complaint, plaintiff alleges that he sought to
purchase two Bitcoin Miners from the defendant in Spring 2013.
He contends he ultimately failed to receive the Bitcoin Miners.
He filed this complaint on December 2, 2013.  He asserts five
claims: (1) breach of contract; (2) fraud; (3) negligent
misrepresentation; (4) deceptive acts under the Kansas Consumer
Protection Act (KCPA); and (5) unconscionable acts under the
KCPA.  He seeks damages of $62,632.19 and consequential damages
of $5,000,000.

In its motion, the defendant raises a variety of arguments.

BF Labs contends that (1) plaintiff is not entitled to consequential damages as a matter of law; (2) plaintiff fails to state a claim because he has acknowledged in his complaint that he agreed to a multi-month time-frame to ship the ordered devices; (3) plaintiff's fraud and negligent misrepresentation claims are barred by the economic loss doctrine; (4) plaintiff's negligent misrepresentation claim also fails to state a claim because it relates to promises of future action; and (5) plaintiff's claims under the KCPA fail because TradeMost pre-ordered the devices.

## II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at

trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir. 2003). In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense. Iqbal, 556 U.S. at 678. All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984).

## III.

Some additional background of plaintiff's complaint is necessary to fully understand the claims and issues raised by the parties. The following allegations are contained in plaintiff's complaint: (1) plaintiff, through TradeMost, wire transferred $62,598 to BF Labs for two Bitcoin Miners in late Spring 2013; (2) BF Labs manufactures specialized technology equipment for Bitcoin mining; (3) when plaintiff purchased these Bitcoin Miners, he understood and agreed that the products were to be shipped according to placement in the order queue and delivery might take two or more months; (4) BF Labs advised plaintiff that it was impossible to know when a device would ship from its facilities and even told him that he may have to

3

wait until the machines were in stock to fill his order; (5) when plaintiff had not received his Bitcoin Miners by October 2013, he advised BF Labs that he would refuse any shipment; and (6) plaintiff claims that if he had received the Bitcoin Miners earlier, he would have "mined" approximately 5,000 to 7,500 Bitcoins.

The nature of Bitcoins is set forth in plaintiff's complaint as follows:

> 8. A Bitcoin is a unit of intangible currency that exists only on the internet, without direct ties to any single nations monetary system (though Bitcoins are regularly exchanged for sovereign currencies like the U.S. dollar and the British pound).
> 9. As of the time of this writing, one Bitcoin is worth approximately US$1,000.
> 10. Bitcoins are earned, or "mined," by solving a complex mathematical riddle, which requires a large amount of computer-processing power.
> 11. Whoever solves one of those riddles, earns ownership of a certain number of Bitcoins.
> 12. As more Bitcoins are "mined," the difficulty continues to increase, requiring greater and greater computing power.
> 13. Based on the mathematic principles underlying the Bitcoin system, there will never exist more than 21,000,000 Bitcoins.

IV.

A.

In its first argument, BF Labs contends that plaintiff cannot recover the consequential damages he seeks because they are speculative damages. There is little question that damages

4

which are based on conjecture or speculation are not recoverable. See Olathe Mfg., Inc. v. Browning Mfg., 259 Kan. 735, 915 P.2d 86, 103-04 (1996); Vickers v. Wichita St. Univ., 213 Kan. 614, 518 P.2d 512, 515 (1974). However, at this stage of the litigation, the court must merely determine whether, viewing the facts in the light most favorable to plaintiff, plaintiff has made a plausible claim for damages. While aware that the defendant has made some persuasive arguments, the court believes this argument must await the presentation of evidence at the summary judgment stage. See, e.g., Atlas Aerospace LLC v. Advanced Transportation, Inc., 2013 WL 1767943 at * 4 (D.Kan. April 24, 2013).

B.

In the next argument, the defendant contends plaintiff has failed to state a claim because he has acknowledged in his complaint that he agreed to a multi-month time-frame to ship the ordered devices. The defendant argues that all of plaintiff's claims must fail because it is compliance with 16 C.F.R. § 435.2. This is so because plaintiff placed his order with the defendant knowing that it would take months to manufacture the devices. Plaintiff counters that, based upon 16 C.F.R. § 435.2, defendant engaged in an unfair or deceptive act or practice under the Federal Trade Commission Act by failing to clearly state when

the devices would be delivered, and by failing to deliver them within an eleven month period.

The court is confused by the defendant's argument and by plaintiff's reference to 16 C.F.R. § 435.2 in his complaint. Although plaintiff's has referred to this regulation in his complaint, he has not referred to it any of his claims. He does not attempt to state a cause of action based upon it. Accordingly, the court is not persuaded that any such claim is made in plaintiff's complaint. And, even if such a claim is stated, it is subject to dismissal.

The Federal Trade Commission is an independent agency of the United States created by the Federal Trade Commission Act. The FTC enforces section 5(a) of the FTC Act, which prohibits unfair and deceptive acts and practices in or affecting commerce. 15 U.S.C. § 45(a). Accordingly, there is no private right of action under the FTC Act. American Airlines v. Christensen, 967 F.,2d 410, 414 (10th Cir. 1992). Any attempt by a private party to incorporate the specific prohibitions and requirements of the FTC Act into a civil claim is an attempt by a private party to enforce the terms of the FTC Act against another private party. See Vino 100, LLC v. Smoke on the Water, LLC, 864 F.Supp.2d 269, 281 (E.D.Pa. 2012). Therefore, to the extent that plaintiff is attempting to state a claim based upon

an alleged violation of the FTC Act or its regulations, he cannot do so. This purported claim shall be dismissed.

C.

Next, the defendant contends that plaintiff's fraud and negligent misrepresentation claims are barred by the economic loss doctrine. The defendant suggests that plaintiff's breach of contract claim and his fraud and negligent misrepresentation claims both seek the same damages and, thus, are barred by the economic loss doctrine. Plaintiff argues that Kansas law does not bar either claim.

The court is not persuaded at this time that defendant's broad arguments concerning plaintiff's fraud and negligent misrepresentation claims have merit. Kansas courts have rejected a bright-line rule which applies the economic loss doctrine to bar all negligent misrepresentation claims and fraud in the inducement claims. Rinehart v. Morton Bldgs., Inc., 297 Kan. 926, 305 P.3d 622 (2013)(under facts, negligent misrepresentation claims are not subject to economic loss doctrine); Louisburg Bldg. & Development Co., LLC v. Albright, 281 P.3d 1146, 2012 WL 3289940 at *2 (Kan.App. 2012)(table case)(under facts, fraud in the inducement claim not barred by economic loss doctrine).

A decision on the application of the economic loss doctrine

should await summary judgment. The circumstances of this case provide some support for the arguments made by the defendant, but the court believes that a developed record will provide a better basis for an evaluation of the defendant's contentions.

The defendant has also argued that plaintiff's negligent misrepresentation claim should be dismissed because plaintiff's allegations relate to promises of future action. Once again, the defendant has failed to carefully analyze the claims made by the plaintiff. Plaintiff's complaint contains several allegations of negligent misrepresentation and the defendant has not specifically addressed them. The court again believes that this argument should be considered at the summary judgment stage.

D.

Finally, the defendant asserts that plaintiff's claims under the KCPA Act must fail because TradeMost, not the plaintiff, ordered the Bitcoin Miners. The defendant argues that TradeMost is not a consumer under the KCPA.

There is little question that under the KCPA that a corporation is not a consumer. Kastrel Holdings I, LLC v. Learjet Inc., 316 F.Supp.2d 1071, 1076-77 (D.Kan. 2004). However, an issue of fact is present here concerning who actually purchased the Bitcoin Miners. The complaint adequately alleges that plaintiff, not TradeMost, purchased the devices.

This is sufficient to avoid dismissal.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 14) be hereby denied except to the extent noted in the memorandum and order.

**IT IS SO ORDERED.**

Dated this 6th day of June 2014, at Topeka, Kansas.


                              s/RICHARD D. ROGERS
                              Richard D ROGERS
                              United States District Judge