IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTIN MEISSNER, | ) |
|                 Plaintiff, | ) |
| v. | )   Case No. 2:13-cv-02617-RDR-KGS |
| BF LABS INC., | ) |
|                 Defendant. | ) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO STAY**

Eric L. Johnson, Temporary Receiver for Defendant BF Labs Inc. (the "Temporary Receiver"), submits this supplemental memorandum in support of his Motion to Stay this action. The Temporary Receiver respectfully requests that this Court consider and enforce the stay issued by the United States District Court for the Western District of Missouri for at least sixty (60) days during which the court-ordered receivership can conduct an analysis. Further, the Temporary Receiver respectfully requests that this Court set a status conference in sixty (60) days for the parties to advise this Court of the status of the receivership. The motion should be granted under principles of judicial economy and comity and for the specific reasons that follow.

**I.      FACTUAL SUMMARY**

1.      On December 2, 2013, Plaintiff Martin Meissner ("Plaintiff") filed a lawsuit seeking monetary damages against Defendant BF Labs, Inc. before this Court. The docket in this action does not reflect that Plaintiff has taken any steps to seize property, or enjoin the use of property, or any other provisional remedy under Rules 64, 65, or 66. At most, Plaintiff has filed s *Lis Pendens* on certain real estate located in Kansas. This action has not yet been set for trial.

2.      On September 15, 2014, the Federal Trade Commission filed suit in the United States District Court for the Western District of Missouri against BF Labs, Inc., alleging

violations of Sections 53(b) and 57(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41 *et seq.*, and seeking various equitable remedies in the matter styled <u>Federal Trade Commission v. BF Labs Inc., et al.</u>, Case No. 4:14-cv-00815-BCW (the "Receivership Case").

3. On September 18, 2014, the Western District of Missouri appointed the Temporary Receiver for BF Labs, Inc. ("Receivership Entity") and entered a temporary restraining order pursuant to an Ex Parte Order (the "Appointment Order"). Receivership Case, Doc. 9, **Exhibit 1** attached to Notice of Appointment of Temporary Receiver and Mot. to Stay.

4. Among other grants of authority, the Appointment Order directed and authorized the Temporary Receiver to assume the "full control" of the Receivership Entity and ordered the Temporary Receiver to "[t]ake exclusive custody, control, and possession of all assets . . . of, or in the possession, custody, or under the control of the Receivership [Entity], wherever situated." The Appointment Order further directed the Temporary Receiver to "[c]onserve, hold, and manage all Receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership [Entity] . . . ." *Id.* at 12, 14.

5. Additionally, the Appointment Order directed the Temporary Receiver to, among other things, take full control of management and administration of the Receivership Entity, including but not limited to managing employees, securing and physically occupying the business premises, liquidating appropriate assets, and entering into appropriate contracts. *Id.* at 12-16.

6. On September 28, 2014, the Temporary Receiver, pursuant to 28 U.S.C. § 754 filed the complaint from the Receivership Case and the Appointment Order in this Court. *See Federal Trade Comm'n v. BF Labs, Inc.*, 2:14-mc-00232-JAR.

7. On September 29, 2014, the Western District of Missouri extended the temporary restraining order until October 3, 2014. Receivership Case, Doc. 47, **Exhibit 2** attached to Notice of Appointment of Temporary Receiver and Mot. to Stay.

8. On October 2, 2014, the Western District of Missouri entered a Stipulated Interim Order containing a "Stay of Actions." Specifically, the Order provided that:

> Except by leave of this Court, during pendency of the Receivership ordered herein, Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendant, any of its subsidiaries, affiliates, partnerships, assets, documents, or the Temporary Receiver or the Temporary Receiver's duly authorized agents acting in their capacities as such, including, but not limited to . . . *Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding*, except that such actions may be filed to toll any applicable statute of limitations . . . .

Receivership Case, Doc. 54, attached hereto as **Exhibit 3** (emphasis added). This Stipulated Interim Order was agreed to by the Receivership Entity.

9. The Temporary Receiver has contacted the parties in this action requesting consent to a 60-day stay.

## II.   ARGUMENT

Section XVII of the Stipulated Interim Order stays all persons from taking any action to establish or enforce any claim, right, or interest against the Receivership Entity, including the continued prosecution of any suit against the Receivership Entity. Ex. 3 at 26. The Western District of Missouri's court-ordered stay contemplates the pending action in this Court against the Receivership Entity. The Temporary Receiver respectfully requests that this Court consider and enforce the stay ordered by the Western District of Missouri at least through the Interim Period (as defined in the Stipulated Interim Order). The Temporary Receiver estimates that the Interim Period will be roughly 50-60 days long.

This Court has discretion to respect and enforce a stay entered in another jurisdiction, even where the other suit may involve different parties and issues. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (a court may stay proceedings in deference to another jurisdiction even if parties and issues are not identical). Such a stay is appropriate where the requesting party makes a strong showing that the stay is necessary for the movant and the disadvantageous effect on others is clearly outweighed. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

The Stipulated Interim Order will be revisited at the end of the Interim Period. Ex. 3 at 32. Given the Receivership Case stay's short duration, it is unlikely that enforcing the stay in this proceeding will disadvantage any party. Even if Plaintiff asserts otherwise, however, a stay is necessary here to permit the Temporary Receiver sufficient time to undertake his responsibilities before having to address additional litigation and the attendant expenses and distractions that result from the same.

The Receivership Case has been on file for less than three weeks. The Temporary Receiver has been authorized and ordered to assume full management and control of the Receivership Entity. In short, and as a practical matter, the Temporary Receiver has sudden and immense responsibility to ascertain the entire scope of the Receivership Entity, its assets and liabilities, operations, business obligations and relationships, and staff. These responsibilities are critical and time consuming. In addition, the Temporary Receiver has a duty to conserve and preserve the value of the Receivership's assets to prevent any loss, damage, or injury to consumers or the Receivership's creditors.

A receivership's focus is "to safeguard the assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary."

*S.E.C. v. Vescor Capital Corp.*, 599 F.3d 1189, 1194 (10th Cir. 2010) (quoting *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006)).  Critically, "[a]receiver must be given a chance to do the important job of marshaling and untangling a company's assets without being forced into court by every investor or claimant." *Id.* at 1196 (*quoting United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 443 (3d Cir. 2005)). Thus, proceedings may properly be stayed to permit the receiver appropriate time to gather the information necessary to execute his responsibilities.  *Id.* (upholding stay entered to permit receiver sufficient time to gather and digest necessary information). The same principles that justify imposition of a stay of proceedings in receivership cases also support enforcement of such stays in sister courts. Without such cooperation, receivership stays would be practically unenforceable.

The Temporary Receiver's activities over the past two weeks have included locating and securing Butterfly Labs' assets; scheduling staff to monitor Butterfly Labs' office and supervise Butterfly Labs' employees each day; inventorying all of the company's assets; determining imminent expenses and paying vendors, landlords and employees; attending depositions; filing motions in the Western District of Missouri to unfreeze certain assets; developing recommendations for the Western District of Missouri; addressing unemployment claims filed by past employees of the company; and, assisting the FTC and Butterfly Labs in reaching an agreed plan for the next 50 days.  Taking time away from these fundamental responsibilities during this critical period to address this lawsuit—at this stage—is a significant diversion of the Temporary Receiver's time and resources.

Moreover, forcing the Temporary Receiver to use his resources to address this lawsuit contradicts the Temporary Receiver's responsibility to conserve and preserve the Receivership Entity's assets. Thus, for purposes of judicial economy and comity, the Temporary Receiver

respectfully requests that this Court consider and enforce its sister court's order in this case to permit the Temporary Receiver the necessary time to comply with his responsibilities to the Western District of Missouri.

Finally, should the requested stay become lengthy and extend past the Interim Period, Plaintiff may seek relief from the Western District of Missouri's order by seeking leave of court to proceed with his action. *See* Ex. 3 at 26. This "escape valve" protects Plaintiff from suffering any possible disadvantage caused by a lengthy stay of this action. *Vescor Capital Corp.*, 599 F.3d at 1196 ("an appropriate escape valve, which allows potential litigants to petition the court for permission to sue, is necessary so that litigants are not denied a day in court during a lengthy stay"). The Temporary Receiver also anticipates that the Plaintiff will raise various jurisdictional arguments with respect to this matter.[1]

The Temporary Receiver submits, however, that such matters do not need to be addressed at this time. It is uncertain whether the stay and the receivership will extend past the Interim Period rendering both the jurisdictional and duration issues moot. As a result, the Temporary Receiver respectfully suggests that this Court honor the Western District of Missouri stay for at least the Interim Period and that a status conference be scheduled in 60 days so that the parties may advise the Court as to the status of the Receivership Action at that time and address any duration and/or jurisdictional issues at that time.

---

[1] With respect to jurisdiction, the Temporary Receiver respectfully submits that the Western District of Missouri has exclusive and complete jurisdiction over the Receivership Entity's property, in part. The Temporary Receiver reserves all rights with respect to any jurisdictional issues, including the right to more fully brief such issues and to respond to any jurisdictional arguments made by Plaintiff or any other party in interest.

**III.   CONCLUSION**

      The Temporary Receiver needs additional time in order to get a better understanding of the Receivership Entity's business, assets, and liabilities, and to carry out his duties with respect to the action pending in the Western District of Missouri.  Accordingly, the Temporary Receiver respectfully requests that this Court consider and enforce the stay issued by the Western District of Missouri for at least the Interim Period and set a status conference in 60 days for the parties to advise this Court of the status of the Receivership Action, and for such other and further relief the Court deems just and necessary.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

    /s/ Bryant T. Lamer

| | |
|---|---|
| Bryant T. Lamer | KS #22722 |
| Kersten L. Holzhueter | KS #24885 |
| Stephanie Lovett-Bowman | KS #24842 |

1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone:     (816) 474-8100
Facsimile:     (816) 474-3216
blamer@spencerfane.com
kholzhueter@spencerfane.com
slovettbowman@spencerfane.com

Attorneys for Temporary Receiver Eric L. Johnson

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 6th day of October 2014, a true and correct copy of the foregoing was filed electronically with the United States District Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                     /s/ Bryant T. Lamer
                                Attorney for Temporary Receiver Eric L. Johnson